UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| MICHELLE LEIGH THOMAS | CIVIL ACTION NO. 09-cv-1823 |
| VERSUS | JUDGE STAGG |
| THOMAS COHEN PATTON | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM ORDER**

Michelle Leigh Thomas ("Plaintiff") filed suit in state court to recover damages related to a car accident. Plaintiff alleged that Thomas Cohen Patton was the driver at fault in the accident. The caption of Plaintiff's state court petition lists as defendants Mr. Patton, Patton Drilling Company, and American Fire and Casualty Company. The body of the petition, however, lists only Mr. Patton and American Fire as defendants. The allegations in the petition assert that the truck driven by Mr. Patton was owned by him and/or Patton Drilling Co., LLC. Plaintiff requested service only on the two defendants actually named: Thomas Cohen Patton and American Fire & Casualty Company.

Mr. Patton and American Fire removed the case to this court based on an assertion of diversity jurisdiction. This court has an obligation to ensure that the removing defendants have satisfied their burden of establishing a basis for the exercise of that form of subject matter jurisdiction.

The citizenship of all named defendants must be considered in determining whether there is a basis for diversity jurisdiction under 28 U.S.C. § 1332. The Clerk of Court listed

Patton Drilling Co., LLC as a defendant on the docket sheet, which is understandable given that the company is listed among the defendants in the caption of the state court petition. The court has reviewed the pleadings, however, and determined that Plaintiff did not actually make the LLC a defendant in the state court suit. Accordingly, the Clerk of Court is directed to terminate **Patton Drilling Co., LLC** as a defendant in this matter. If Plaintiff believes that her state court pleadings did adequately name the LLC as a defendant, Plaintiff should immediately notify the court and point to a specific indication in the record that the LLC was so named.

The court has determined that the LLC was never a properly named defendant, so its citizenship need not be addressed. If the LLC were a defendant, its citizenship would have to be alleged in accordance with the rules set forth in cases such as Burford v. State Line Gathering System, LLC, 2009 WL 2487988 (W.D. La. 2009).

The citizenship of the named parties must be stated in the record with specificity. **Mr. Patton** is described in the state court petition and the notice of removal as an individual who is residing in or a resident of Texas. It is domicile rather than mere residency that decides citizenship for diversity purposes, and "[i]t is well established that an allegation of residency does not satisfy the requirement of an allegation of citizenship." Great Plains Trust Co. v. Morgan Stanley, 313 F.3d 305, 310 n. 2 (5th Cir. 2002), quoting Strain v. Harrelson Rubber Co., 742 F.2d 888 (5th Cir. 1984). A person may be a resident of several states, but he is domiciled in only one state at a time, and it is that state of which he is a citizen for

purposes of diversity jurisdiction. The current pleadings do not assert the state in which Mr. Patton is domiciled, so the removing defendants have not yet satisfied their burden with respect to this issue. The notice of removal alleges that Plaintiff is domiciled in Louisiana, so the allegations are adequate with respect to her.

The citizenship of **American Fire** is also not alleged with adequate precision. American Fire describes itself in the notice of removal as "a company organized under the laws of the State of Ohio and (that) is authorized to do and doing business in the State of Louisiana." First, American Fire needs to specify its form of legal entity. The term "company" is a general one that could encompass corporations as well as other forms of entities or organizations. Once American Fire establishes its legal nature, it must then allege its citizenship in accordance with the rules for that type of organization. American Fire's current allegations suggest that it believes it is a corporation, but its allegations are not yet sufficient under the rules for corporations.

A corporation is deemed to be a citizen of (1) the state in which it was incorporated and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). To establish diversity jurisdiction, a complaint must set forth "with specificity" a corporate party's state of incorporation and its principal place of business. "Where the plaintiff [or removing party] fails to state the place of incorporation or the principal place of business of a corporate party, the pleadings are inadequate to establish diversity." Joiner v. Diamond M Drilling Co., 677 F.2d 1035, 1039 (5th Cir. 1982). The Fifth Circuit requires strict adherence

to these straightforward rules. Howery v. Allstate Ins. Co., 243 F.3d 912, 919 (5th Cir. 2001). See also Getty Oil Corp. v. Insurance Company of North America, 841 F.2d 1254, 1259 (5th Cir. 1988) ("In cases involving corporations, allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation").

If American Fire alleges that it is a corporation, it must allege its principal place of business. Its current allegations are not sufficient. It does allege that it is authorized to do business in Louisiana, but the mere fact that a corporation is licensed or authorized to do business in a state does not equate to citizenship in that state. A corporation may be licensed in many states, even all of them, but its principal place of business is in only one state. See Nadler v. American Motors Sales Corp., 764 F.2d 409, 413 (5th Cir. 1985); American Nat. Fire Ins. Co. v. Mirasco, Inc., 2000 WL 1368009, *4 (S.D. N.Y. 2000); and Austin v. Robinson Property Group, Ltd. Partnership, 1998 WL 34024158, *1 (N.D. Miss. 1998). The Fifth Circuit's rules for determining a corporation's principal place of business can be found in cases such as Teal Energy USA, Inc. v. GT, Inc., 369 F.3d 873 (5th Cir. 2004).[1]

The removing defendants will be permitted until **January 8, 2010** to file an **Amended Notice of Removal** that sets forth with specificity the citizenship of the parties, in accordance with the rules discussed above. The court will then review the case and, if defendants have

---

[1] The proper test for determining principal place of business, an issue on which the circuits are divided, is before the Supreme Court in Friend v. Hertz Corp., 297 Fed.Appx. 690 (9th Cir. 2008), certiorari granted, 129 S.Ct. 2766 (2009).

satisfied their burden of establishing subject matter jurisdiction, set the case for a scheduling conference.

      THUS DONE AND SIGNED in Shreveport, Louisiana, this 10th day of December, 2009.

MARK L. HORNSBY<br>
UNITED STATES MAGISTRATE JUDGE